ROBERT G. FRAME          1449-0
MICHAEL J. NAKANO        6940-0
MARK S. HAMILTON         7768-0

FRAME & NAKANO
Attorneys at Law, A Law Corporation
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2090
Honolulu, Hawaii  96813
Telephone: (808) 545-3043, Facsimile: (808) 545-3065
E-mail: info@framenakano.com

Attorneys for Plaintiff
CGI FINANCE, INC.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CGI FINANCE, INC., | ) | CIVIL NO. CV12-00258 LEK-KSC |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND** |
| vs. | ) | **RECOMMENDATION THAT** |
| | ) | **PLAINTIFF CGI FINANCE, INC.'S** |
| TAKE 5, (O/N 1219034), her engines, | ) | **MOTION FOR ENTRY OF** |
| apparel, tackle, boats, appurtenances, | ) | **DEFAULT AND DEFAULT** |
| etc., in rem, | ) | **JUDGMENT AGAINST IN REM** |
| | ) | **DEFENDANT TAKE 5, O.N. 1219034** |
| Defendant. | ) | **AND ALL CLAIMANTS WHO HAVE** |
| | ) | **NOT FILED A STATEMENT OF** |
| | ) | **RIGHT/INTEREST AND/OR** |
| | ) | **INTERVENED BE GRANTED** |
| | ) | |
| | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION
THAT PLAINTIFF CGI FINANCE, INC.'S MOTION
FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT
AGAINST IN REM DEFENDANT TAKE 5, O.N. 1219034
AND ALL CLAIMANTS WHO HAVE NOT FILED A STATEMENT
OF RIGHT/INTEREST AND/OR INTERVENED BE GRANTED**

Before the Court is Plaintiff CGI Finance, Inc.'s Motion for Entry of

Default and Default Judgment Against In Rem Defendant Take 5, O.N. 1219034 and

all Claimants Who Have Not Filed a Statement of Right/Interest and/or Intervened

("Motion").  Doc. 19.  The Court heard this Motion on November 2, 2012.  Michael

J. Nakano appeared for Plaintiff CGI Finance, Inc.  ("CGI").  No other parties

appeared at the hearing and no opposition was filed.  After careful consideration of

the Motion, the supporting memorandum and the arguments of counsel, the Court

finds and recommends the Motion be GRANTED.

I.      BACKGROUND

On May 14, 2012, CGI filed a Verified Complaint in Admiralty for

Foreclosure of Preferred Ship Mortgage and for Monies Due on Promissory Note

("Verified Complaint") against the TAKE 5, O.N. 1219034 ("Vessel"), in rem. Doc.

1.  CGI also filed an Ex Parte Motion for Order Authorizing Issue of Warrant for

Maritime Arrest ("Motion for Warrant").  Doc. 8.  The Motion for Warrant was

granted by this Court and a Warrant for Maritime Arrest ("Warrant") was issued by

the Clerk.  Docs. 8-3 and 8-4.  On May 17, 2012, the Warrant was served by the United States Marshal for the District of Hawaii. Docs. 9 and 10.

On May 22, 2012, notice of the Vessel's arrest was sent via certified mail to the Vessel's owner, Pacific Sound, LLC, and Teresa Moore, Esq., the attorney for the executors of the estates of Ross S. Ritto and Katie S. Ritto (collectively "Rittos"). Doc. 14 at Ex. "B."  The Rittos were the only members of Pacific Sound, LLC, which is the registered owner of the Vessel.  Doc. 14 at Ex. "A."  The notice of arrest was received by Pacific Sound, LLC and Ms. Moore.   Doc. 14 at Ex. "B."

Rule C(4) of the Supplemental Rules for Admiralty and Maritime Claims & Asset Forfeiture Actions requires publication of notice of arrest if seized property is not released within fourteen days of execution. On June 5, 2012, CGI filed an Ex Parte Motion for Order Authorizing Publication of Notice of Arrest.  Doc. 11.  On June 7, 2012, this Court granted CGI's Ex Parte Motion for Order Authorizing Publication of Notice of Arrest and notice of the arrest was published in the Honolulu Star-Advertiser on June 14, 2012.  Docs. 11 and 12.

Local Admiralty Rule C.3 states that claims must be filed within ten days of publication of notice of the arrest.  L.R. C.3(a)5.  Any answer to the complaint must be filed within twenty days of the publication of notice of the arrest.  L.R. C.3(a)6. Accordingly, under the Local Rules, any statements of right/interest should have been

3

filed by June 24, 2012 and all answers by July 4, 2012.

No verified statements of right or interest and/or answers have been filed in this matter. The time for filing statements of right or interest and/or answers under either the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions or the Local Admiralty Rules, has passed.

On July 18, 2012, Plaintiff filed a Motion for Interlocutory Sale of In Rem Defendant Take 5 (O/N 1219034)("Motion for Sale"). Doc. 14. On August 28, 2012, the Court issued an Order Granting Plaintiff's Motion for Interlocutory Sale of In Rem Defendant Take 5 (O/N 1213094)("Order for Sale"). Doc. 21. Among other things, the Order for Sale required publication of notice of the sale. Id. Notice of the sale was published in the Honolulu Star-Bulletin for six consecutive days (excluding Saturdays, Sundays and legal holidays) before the auction. The notice ran on October 11, 12, 15, 16, 17 and 18, 2012. Doc. 23.

The sale of the Vessel was duly conducted by Deputy United States Marshal Eric Kalima, on Wednesday, October 24, 2012, commencing at 12:00 p.m., at the main entrance to the United States District Court, District of Hawaii. Doc. 26. The highest bid was $3,005,000.00. Id. On October 26, 2012, CGI filed a Motion to Confirm Interlocutory Sale of In Rem Defendant Take 5, O.N. 1219034. Doc. 24. On October 31, 2012, the Court issued an Order Granting Plaintiff CGI Finance, Inc.'s

4

Motion to Confirm Interlocutory Sale of In Rem Defendant Take 5, O.N. 1219034

("Order Confirming Sale").  Doc. 26.

II.     DISCUSSION

    A.     Default

After the time for filing an answer has expired, the plaintiff may apply

for entry of default under Fed. R. Civ. P. 55(a).  Default will be entered upon a

showing that:

       (a)     notice has been given as required by LR C.4(a), and

       (b)     notice has been attempted as required by LR C.4(b), where
           appropriate, and

       (c)     the time for answer has expired, and

       (d)     no one has appeared to claim the property.

L.R. C.5.

It is within the Court's power to default any parties who have not

appeared and to bar any unfiled claims to the vessel and/or proceeds from her sale if

the requirements of Supplemental Rule C(6) have not been met.  U.S.A. v. The Pride

of Texas, 964 F.Supp. 986, 988 (E.D.Va. 1994).

    1.     All Notice Requirements Have Been Met

Local Admiralty Rule C.4(a) requires publication of notice of

arrest as outlined in Supplemental Rule C(4).  See L.R. C.4(a).  If the vessel is not

released within ten days of arrest, notice of the arrest must be published in a newspaper with general circulation in the district.  <u>See</u> Fed. R. Civ. P. Supp. R. C(4). Supplemental Rule C(4) requires that the notice indicate the time to file a statement of interest in or right against the seized property.  <u>Id.</u>  The Local Admiralty Rules also contain additional requirements for the published notice.  Local Admiralty Rule C.3(a) requires the notice to state: (1) the court, title and number of the action; (2) date of arrest; (3) identity of the property arrested; (4) name, address and telephone number of the plaintiff's attorney; (5) claims must be filed within ten days of the date of publication; (6) answers must be filed within twenty days of publication; (7) intervention must occur within the time fixed by the Court; and (8) name, address and telephone number of the marshal.  L.R. C.3(a).

CGI moved this Court for an order authorizing publication.  In accordance with this Court's order, notice was published on June 14, 2012, in the Honolulu Star-Advertiser.  The notice contained all of the information required under Supplemental Rule C(4) and Local Admiralty Rule C.3(a).  Proof of publication was filed on December 27, 2011, in accordance with Local Admiralty Rule C.3(b).

Local Admiralty Rule C.4(b) requires the plaintiff to send notice

6

of an arrest to all persons with a recorded interest if the vessel is documented with the United States Coast Guard ("USCG"). L.R. C.4(b). CGI sent notice of the arrest to the Vessel's owner of record, Pacific Sound. Other than the Vessel's builder, which transferred title of the Vessel to Pacific Sound in March of 2009, CGI was the only other entity listed in the Abstract of Title. Although not required by the Local Admiralty Rules, CGI also sent notice to the attorney for the executors of the Estates or Ross and Katie Ritto, the owners of Pacific Sound.

2.    The time for filing claims and answers has expired

Anyone wishing to assert "a right of possession or any ownership interest in the property" that is the subject of an in rem action must file a verified statement of right or interest "within 14 days after the execution of process." Fed. R. Civ. P. Supp. R. C(6)(a)(i)(A). "[A] person who asserts a right of possession or any ownership interest must serve an answer within 21 days after filing the statement of interest or right." Fed. R. Civ. P. Supp. R. C(6)(a)(iv). The Warrant was served on May 17, 2012. Pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, any party wishing to assert a claim had until May 31, 2012 to file a statement of right/interest and until June 7, 2012 to file an answer.

In the alternative, Local Admiralty Rule C.3 states that claims must

be filed within ten days of publication of notice of the arrest.  L.R. C.3(a)5.[1]  Any

answer to the complaint must be filed within twenty days of the publication of notice

of the arrest.  L.R. C.3(a)6.  Notice of the arrest was published on June 14, 2012.

Accordingly, any statements of right/interest should have been filed by June 24, 2012

and all answers by July 4, 2012.

B.      Default Judgment

"A party seeking a default judgment in an action *in rem* must show that

due notice of the action and arrest of the property has been given in accordance with

Fed. R. Civ. P., Supp. R. C(4)."  L.R. C.4(a).  Judgment may be entered under Fed.

R. Civ. P. 55(b), at any time after default has been entered.  L.R. C.5(d).  As outlined

above, CGI has met all of the notice requirements of Supplemental Rule C(4) and

default judgment is appropriate once default has been entered.

CGI is entitled to default judgment against the Vessel in the amount of

$3,429,948.23 plus interest, late fees and reasonable attorneys' fees.

C.      Disbursement of Sale Proceeds

October 24, 2012, the Vessel was auctioned by the United States Marshal

pursuant to the Court's  Order for Sale.  See Docs. 21 and 26.  The highest bid was

---

[1]Local Admiralty Rule C.3(a)(5) makes reference to Supplemental Rule C(6)(b).  This reference is outdated and refers to the former Supplemental Rule C(6)(b) which has been amended.  The current Supplemental Rule C(6)(b) addresses interrogatories.  The filing of statements of interest and answers are now addressed solely in Supplemental Rule C(6)(a).

$3,005,000.00. Doc. 26. Immediately following the auction the winning bidder deposited $305,000.00 with the Marshal. Doc. 26. October 31, 2012, the Court issued an Order Confirming Sale. Doc. 26. On November 5, 2012, the winning bidder deposited the $2,700,000.00 balance with the Clerk. Doc. 28.

Since there are no other parties to this action it is appropriate for the Clerk to disburse the remaining sale proceeds to CGI, less the Marshal's commission, following the entry of default and the reimbursement of any custodia legis/administrative expenses ordered by the Court.

III.   CONCLUSION

Based on the foregoing, the Court finds and recommends CGI Finance, Inc.'s Motion for Entry of Default and Default Judgment Against In Rem Defendant Take 5, O.N. 1219034 and all Claimants Who Have Not Filed a Statement of Right/Interest and/or Intervened be GRANTED. Judgment should be entered in the amount of $3,429,948.23 (as of August 21, 2012), plus interest, late fees and reasonable attorneys' fees in the amount of $13,547.00.

The Court further finds and recommends the Clerk be ordered to disburse the remaining sale proceeds to CGI, less the Marshal's commission, following the entry of default and the reimbursement of any custodia legis/administrative expenses ordered by the Court.

Any objection to the Findings and Recommendation shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

DATED: Honolulu, Hawaii, January 9, 2013.

FRAME & NAKANO

*/s/ MICHAEL J. NAKANO*
ROBERT G. FRAME
MICHAEL J. NAKANO
MARK S. HAMILTON
Attorneys for Plaintiff
CGI FINANCE, INC.

SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 23, 2013.



Kevin S.C. Chang
United States Magistrate Judge